LETTS, Justice,
dissenting.
The record demonstrates that the husband cannot satisfy the present arrearages owed to his former wife, now remarried, totalling some $8,500 by way of a house sale. The remaining outstanding arrear-age is approximately $47,000 in attorney’s fees owed to his former wife’s attorney— and those fees keep on mounting. At every go-around, the trial court and this court, has awarded the former wife’s attorney more fees. Indeed, the majority has done it again on this appeal.
The husband lost his job with a law firm and has opened his own solo law practice which grossed only $4,800 in the first four months of 1990. The husband’s only asset is a fifteen-year-old automobile with 175,-000 miles on it. He owns no real estate. In the classic sense, he is “flat broke.”
There is no finding that he is not trying to make a go of his new law practice and no finding that he deliberately squandered or secreted assets to frustrate the trial court’s order here appealed. Moreover, income was not imputed to him.
Recognizing his present in ability to pay the arrearages, the trial court ordered him to pay a token $100 per week toward them. So far as that goes, I would vote to affirm. However, the trial court also ordered him “to seek other employment through the Florida State Employment Services.... ”
In other words, the trial court has ruled either that he is to cease the practice of law and get some other kind of job, or alternatively, he is being asked to work two jobs. It is not clear which alternative was intended, but I do not believe a court can force someone to work at more than one full-time job. See Beard v. Beard, 575 So.2d 1831 (Fla. 2d DCA 1991).
As to forcing him to cease being a lawyer and take other work, he should not be asked to do that “so long as his employment ... [is] undertaken in good faith and not deliberately designed to avoid responsibility for those dependant upon him.” See Arce v. Arce, 566 So.2d 1308 (Fla. 3d DCA 1990). I think this is particularly so when his shortcomings do not result in avoidance of child support or support for his wife, but in fact are mostly attributable to attorney’s fees.
To buttress its decision sub judice, the trial court cited Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985). However, the ar-rearages in Bowen came about by wilful neglect, were for child support, the husband was a completely unemployed house painter and the supreme court’s solution was cited as an alternative to incarceration. Sub judice, the husband is a self employed lawyer attempting to build a law practice. All this being so, I do not believe he can be ordered out of his profession, or forced to take a second job, unless the trial court found that his reduced circumstances arose by way of his wilful, deliberate neglect. It did not do that. I dissent.